IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,897-01






EX PARTE ZANE LEWIS MCCOMACK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 07656-A IN THE 90TH JUDICIAL DISTRICT COURT OF
YOUNG COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant originally
pleaded guilty to the offense of delivery of a controlled substance in a drug free zone, in
exchange for six years of deferred adjudication community supervision. His guilt was later
adjudicated and his community supervision revoked pursuant to a plea of "true" to the
allegations in the State's motion to adjudicate, and punishment was assessed at four years'
confinement. No direct appeal was taken. 

 Applicant contends that his plea of true to the allegations in the State's motion to
adjudicate was not knowingly and voluntarily entered, because both his own counsel and the
prosecutor assured him that he would be eligible for parole after serving eighteen to twenty-four months in prison. Applicant further alleges that his counsel at the original plea
proceeding was ineffective for failing to discover that the playground alleged as the basis for
the drug free zone charge was not constructed until well after the offense date.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from defense counsel and the prosecutor, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant entered into a plea agreement with the State at the adjudication of
guilt, and if so, whether Applicant's parole eligibility was an affirmative element of the plea
bargain agreement. If there was a plea bargain agreement, the trial court shall supplement
the habeas record with copies of any written documents or affidavits reflecting the terms of
such plea bargain agreement. The trial court shall also make findings as to whether the
playground alleged as the basis for the drug free zone charge was in existence at the time of
Applicant's offense. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE TWENTY-FIRST DAY OF JUNE, 2006.



EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.